**DEPARTMENT OF ECONOMIC SECURITY (Now Department of Human Resources) Commonwealth of Kentucky, Appellant,**

v.

**Kenneth SHANKLIN, Appellee.**

Court of Appeals of Kentucky.

Oct. 11, 1974.

David A. Nunery, Office of the Counsel, Department of Human Resources, Frankfort, for appellant.

William S. Davis and N. Everett Frey, Elkton, for appellee.

REED, Justice.

The appellant, Department of Human Resources, sued appellee, Kenneth Shanklin, to recover for the support of an infant child under the Uniform Support of Dependents Act adopted by the legislature as Chapter 407, KRS. The trial court ruled that under the provisions of the Uniform Act on Paternity adopted by the legislature as Chapter 406, KRS, the action was barred by the limitations provision made applicable to a child born "out of wedlock." Our conclusion is that although the applicable statutory provisions are poorly drawn, nevertheless, when they are considered in their total context, it is manifest that the legislature did not intend to bar automatically the action filed in this instance. We, therefore, reverse the judgment of the circuit court.

Appellee Shanklin married Norma Jean Word in February 1953. The couple was divorced on March 11, 1958. Eight months after the divorce, in November 1958, a daughter, referred to in the pleadings as Deborah Word, was born to the former Mrs. Kenneth Shanklin. In April 1969, the child's maternal grandmother, who had been given custody of her because of the mental incapacity of the natural mother, began receiving state public assistance funds for the support of Deborah.

On October 3, 1972, the Department of Human Resources, pursuant to KRS 407.-160, filed a complaint to secure support for Deborah from Kenneth Shanklin and alleged that he was the father of the child and owed a duty of support as provided by KRS 407.160. The Department sought reimbursement for support furnished and the obtaining of continuing support.

Kenneth Shanklin moved to dismiss the Department's complaint on the basis that the action was barred by reason of the provisions of KRS 406.031. His motion was sustained.

KRS 406.011 provides:

"The father of a child which is or may be born out of wedlock is liable to the same extent as the father of a child born in wedlock, whether or not the child is born alive, for the reasonable expense of the mother's pregnancy and confinement and for the education, necessary support and funeral expenses of the child. A child born during lawful wedlock, or within ten (10) months thereafter, is presumed to be the child of the husband and wife. However, a child born out of wedlock includes a child born to a married woman by a man other than her husband where evidence shows that the marital relationship between the husband and wife ceased ten (10) months prior to the birth of the child."

KRS 406.021 states:

"(1) Paternity may be determined upon the complaint of the mother, child, person or agency substantially contributing to the support of the child. Such ac-

tion shall be brought by the county attorney upon the request of such complainant herein authorized.

(2) Paternity may be determined by the county judge when the mother and father of the child, either:

(a) Submit affidavits in which the mother states the name of the child's father and the father admits paternity of the child; or

(b) Give testimony before the county judge in which the mother states the name of the child's father and the father admits paternity of the child.

(3) If paternity has been determined or has been acknowledged according to the laws of this state, the liabilities of the father may be enforced in the same or other proceedings by the mother, child, person or agency substantially contributing to the cost of pregnancy, confinement, education, necessary support or funeral expenses. An action to enforce the liabilities shall be brought by the county attorney upon the request of such complainant herein authorized.

(4) For every hearing held by the county court under the provisions of this chapter, the court shall be allowed a fee of five dollars ($5.00.)"

The limitation statute, KRS 406.031, provides:

"The determination of paternity under the provisions of KRS 406.021(1) shall be commenced within three (3) years after the birth, miscarriage or stillbirth of a child. The determination of paternity under the provisions of KRS 406.-021(2) may be made at any time prior to the child's eighteenth birthday."

Finally, KRS 406.180 states:

"This chapter applies to all cases of birth out of wedlock: (1) where birth occurs within this state, (2) when birth occurs out of this state at the time the mother is a resident of this state after June 18, 1964, or (3) when birth occurs out of this state and at some time following the birth the mother becomes a resident of this state after June 18, 1964."

So far as the Uniform Reciprocal Enforcement of Support Act is concerned, the only section appearing relevant is KRS 407.410, which provides:

"Once the issue of paternity has been determined according to the laws of this state or any other state, the obligor cannot use the defense of nonpaternity in an action under this chapter."

The Uniform Act on Paternity was formulated in 1960. The Kentucky Legislature, by a 1972 amendment, varied the language of the 1960 Uniform Act in two instances: (1) In defining what was meant by the phrase "born out of wedlock" by adopting the language of KRS 406.011, and (b) by substituting for a four-year statute of limitations contained in the 1960 Uniform Act, the language of KRS 406.031. In 1973, the Uniform Act was changed to provide that an action to determine the existence of the father and child relationship as to a child who has no presumed father may not be brought later than three years after the birth of the child.

We conclude that the Kentucky legislature in dealing with the 1960 Uniform Act on Paternity attempted to remedy the uncertainty of the limitations provision that was subsequently cleared by the terminology of the 1973 Uniform Act on Paternity.

We would be less than candid if we did not point out that the language used for the clarification is surely no model of precision. According to KRS 406.011, a child born during lawful wedlock or within ten months thereafter, is presumed to be the child of the husband and wife. This is qualified by the provision that a child born out of wedlock includes a child born to a married woman by a man other than her husband where evidence shows that the

marital relationship between the husband and wife ceased ten months prior to the birth of the child.

 Under the Uniform Reciprocal Enforcement of Support Act, the issue of paternity may be raised by the defendant unless it has been previously judicially determined. It is our conclusion that, despite the confusing language, it was not the intent of the legislature to bar such action within three years of the date of birth of a child born with the presumption of legitimacy.

The judgment is reversed for further proceedings consistent with this opinion.

All concur.